A comprehensive return to remand was filed in this Court on July 29, 1982. By his brief filed well within the time directed, appellant asserts that the trial court "did not conduct the sentence hearing in accordance with the prior orders of the Court of Criminal Appeals" in that it was not conducted in accordance with "Alabama Rules of Criminal Procedure-Temporary Rules." He relies on Rule 3 (a)(2) in providing ". . . on written motion of either party, the Court shall require a written report of a presentence investigation of a defendant convicted of a felony and such defendant shall not be sentenced before such report has been presented to and considered by the Court," and upon Rule 3 (c), which provides, "Copies of the presentence report shall be furnished to the district attorney and attorney for the defendant prior to the sentence hearing."
The sentence hearing was conducted on July 1, 1982, after due notice had been given to defendant and counsel for the respective parties, who were all present. Testifying on call of the defendant were the defendant and Mrs. Judith C. O'Connor, a parole and probation officer assigned to Shelby County, who at the previous sentencing hearing in the instant case had submitted a "pre-sentence investigation report," dated March 19, 1981, to which reference was made in our opinion on original submission. She testified that since the date of that report, Mr. Graffeo and his wife had moved their residence from Shelby County to Jefferson County, and that she in her capacity as a probation officer in Shelby County had called upon a probation officer in Jefferson County for an "updated" report on the defendant. Correspondence between Mrs. O'Connor and a Jefferson County parole and probation officer, to which *Page 1079 
was attached a letter dated June 30, 1982, from a psychiatrist of the University of Alabama in Birmingham relative to defendant was introduced in evidence by defendant.
The defendant testified at length on the hearing as to his physical, emotional and mental condition.
Although it appears from the transcript that defendant's attorney did not receive a copy of the "updated" report until a short time after the sentence hearing commenced and he had not until then been shown again the original presentence report presented at the time of the previous sentencing hearing, there is nothing in the transcript to indicate that defendant was prejudiced in any way by his attorney's not being furnished, before the commencement of the sentencing hearing now under consideration, a copy of either the original report or the "updated" report. He had the original and the "updated" report before him well before the conclusion of the hearing. We note that there was no motion or request by defendant that the hearing be delayed or continued by reason of failure of the State or any of its representatives to furnish defendant's attorney with a copy of the original or "updated" report prior to the commencement of the hearing. The action of the trial court now complained of by appellant did not constitute error prejudicial to him. The judgment of sentence in the particular case now under consideration, Circuit Court Case No. 80-421, should now be affirmed, as was the judgment of conviction as shown by our previous opinion herein.
AFFIRMED.
All the Judges concur.
 *Page 217